**Leon PERSON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 01–3163.

United States Court of Appeals, Federal Circuit.

Nov. 8, 2001.

Before MAYER, Chief Judge, LOURIE and DYK, Circuit Judges.

PER CURIAM.

Leon Person seeks review of the December 13, 2000, decision by the Merit Systems Protection Board, No. DA831E000099–I–1, affirming the decision of the Office of Personnel Management denying his application for disability retirement benefits under the Civil Service Retirement System. We *affirm*.

To qualify for disability retirement benefits, an employee must demonstrate by a preponderance of the evidence, 5 C.F.R. § 1201.56(c)(2) (2001), inter alia, that he is disabled. 5 U.S.C. § 8337(a) (1984). He must show that he is "unable, because of disease or injury, to render useful and efficient service in the employee's position." *Id.* The board found that Person was not disabled at the time of his resignation because he failed to provide reliable medical evidence of physical injury preventing him from performing his duties as a fuel distribution system worker at Kelly Air Force Base.

■ We are prohibited from reviewing the factual underpinnings of disability retirement determinations under 5 U.S.C. § 8347(c)-(d)(1). *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). Thus, we may not address the board's finding that Person is not disabled under section 8337. Our review is limited to "whether there has 'been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" *Id.* (quoting *Scroggins v. United States*, 184 Ct.Cl. 530, 397 F.2d 295, 297 (Cl.Ct.1968)).

■ Person argues that the denial of benefits violated his procedural rights because it was based upon privileged information contained in a negotiated settlement agreement that he made with the Department of the Air Force. Under the agreement, Person agreed to resign and the agency promised to purge his personnel file of all documentation relating to his proposed removal for unauthorized absences and safety violations. Although the board mentions Person's violations in its decision, the alleged breach of the agreement was not prejudicial. The board did not rely upon the disclosed violations, but

confined its disability inquiry to the sufficiency of the medical documentation. Therefore, Person was not prejudiced.

Person also argues that he suffers from amyotrophic lateral sclerosis from perpetual exposure to fuel fumes and fuel spillage during his eighteen years of employment at Kelly Air Force Base. He explains that newly discovered evidence links this condition to his occupation. The record is devoid of evidence substantiating this claim. If, however, Person is able to document this condition at the time of his resignation, he may petition to reopen his appeal to the board. *See* 5 C.F.R. § 1201.115(d); *Datijan v. Office of Personnel Management*, 87 M.S.P.R. 623, 625 (2001) ("Reopening may be appropriate ... when there is ... newly discovered evidence."). Until such evidence is presented, however, we must affirm.